**R.P. [a Minor Under the Age of Eighteen (18) Years,] Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1100.**

Court of Appeals of Alaska.

May 9, 1986.

---

Blair McCune, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

R.P., a minor, appeals an order of institutionalization following his adjudication as a delinquent. We remanded for entry of written findings of fact as required by Children's Rule 22(d), and we retained jurisdiction. Judge James R. Blair entered written findings which we now find insufficient to sustain an order of institutionalization. Accordingly, we vacate the order of institutionalization and remand for further proceedings.

Alaska Statute 47.10.080(b) prescribes various alternatives available to a trial court when a juvenile is adjudicated a delinquent. The alternatives range from institutionalization, to probation and placement in a foster home, to restitution. *See* AS 47.10.080(b)(1)–(5). Unfortunately, the statute provides little guidance for the trial court to use in choosing one alternative and rejecting the others. We therefore recognize the standards promulgated by the IJA–ABA Juvenile Justice Standards Project, Standards Relating to Dispositions (tentative draft 1977) (hereinafter Standards). Under the Standards, the court must consider and reject less restrictive alternatives *prior* to imposition of more restrictive alternatives. Further, the state has the burden of proving that less restrictive alternatives are inappropriate by a preponderance of the evidence. *See* Standards, § 2.1 and commentary at 34–35. The court must enter specific written findings *why* the less restrictive alternatives are inappropriate in a given case, and those findings must be supported by a preponderance of the evidence. *Id.* at 37–38.

In considering the appropriateness of less restrictive alternative dispositions, the court must consider more than just the seriousness of the offense.[1] The juvenile

---

1. The goals of disposition in juvenile matters are to be distinguished from the goals of sentencing in adult criminal proceedings. In adult criminal proceedings, the goal of rehabilitation is generally considered on equal footing with other sentencing goals. *See State v. Chaney,* 477

court should also consider less restrictive alternatives in light of a juvenile's degree of culpability, the circumstances of a given case, and the age and prior record of the juvenile. After considering these factors, the court must enter a statement of the facts relied upon and the reasons less restrictive alternatives were rejected. *See* Standards, § 2.1 at 34.

██ In the present case, Judge Blair's findings indicate that he predicated his decision to place R.P. in an institution almost entirely on the seriousness of the offense. Judge Blair's findings are inadequate because they do not adequately consider R.P.'s level of culpability in the crime charged, nor the circumstances under which it arose.[2] Finally, while R.P. was fourteen years old,[3] he did not appear to have an extensive history of criminal conduct, at least not of a serious nature.

Perhaps more importantly, Judge Blair did not enter written findings as to *why* less restrictive alternatives were unavailable. We hold that the findings in this case are insufficient to sustain an order institutionalizing a juvenile. We therefore VACATE the order of institutionalization and REMAND this case for further proceedings.

P.2d 441, 444 (Alaska 1970). However, in juvenile dispositions, the goal of rehabilitation is of paramount importance. *See In re Aline D.,* 14 Cal.3d 557, 121 Cal.Rptr. 817, 536 P.2d 65, 70 (1975). Consequently, to further the goal of rehabilitation, the IJA–ABA Standards create a presumption against coercively removing a child from his or her home in all but extreme cases. *See* Standards, § 3.3 B at 61.

2. The record shows that R.P. was accompanied by an adult, who may well have been the sole impetus for the crime. Moreover, the adult was apparently R.P.'s former foster parent, and as such, may well have been particularly influential in encouraging R.P.'s conduct.

3. We think the age of the child is, oftentimes, inversely proportional to the child's potential for rehabilitation. That is, the younger the child, the greater the chance that the child will grow out of a problem period, and coercive removal from the home is a less attractive disposition.