**P.R.J., A Minor, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1015.**

Court of Appeals of Alaska.

Feb. 16, 1990.

---

6. *See supra* note 3.

124

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Carmen E. Clark, Asst. Dist. Atty., James L. Hanley, Dist. Atty., Kenai, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

P.R.J. was committed to McLaughlin Youth Center after his probation was revoked. The state's custody of P.R.J. was extended until two years after the disposition hearing. P.R.J. appeals, claiming that placement at McLaughlin was not the least restrictive alternative available and arguing that the trial court could not extend its jurisdiction for the two-year period. We affirm.

P.R.J. was adjudicated delinquent on January 13, 1988. While disposition of that case was pending, P.R.J. ran away from the foster home where he had been staying. After the delinquency proceedings, P.R.J. was placed at the Kenai Peninsula Community Care Center (Kenai Center). P.R.J. ran away from the center three times during 1988. He was next placed in a Kenai foster home. P.R.J. was returned to the Kenai Center in March 1989, however, because of drug use while at the foster home.

P.R.J. left the Kenai Center the same day that he returned. He was located in Anchorage approximately one month later and indicated to his probation officer that he would attempt to run away again. The state petitioned to modify or revoke probation, recommending that P.R.J. be placed at McLaughlin.

A disposition hearing began on May 23, 1989, before Superior Court Judge James A. Hanson. The hearing was continued so that P.R.J. could be considered by "ARCH," a treatment program which ultimately rejected him. At the June 1, 1989, continuation of the disposition hearing, Judge Hanson questioned the state and P.R.J.'s counsel about programs and facilities available through Alaska Children's Services and Outside programs such as Rocky Mountain and Pathfinders. P.R.J.'s probation officer told Judge Hanson that Alaska Children's Services could not provide a viable alternative because its facilities were not secured. Outside programs were unavailable because the state has no contracts with such facilities.

After considering these alternatives, as well as placement at McLaughlin, Judge Hanson concluded that placement in a correction or detention facility was the least restrictive alternative available. He recognized that P.R.J. required treatment for substance abuse which apparently would be available at McLaughlin. The judge also specifically stated that placement in a foster home would be inappropriate for P.R.J. He entered a formal written order committing P.R.J. to the custody of the Department of Health and Social Services until June 1, 1991.

Judge Hanson was required to select the least restrictive disposition alternative that addressed P.R.J.'s treatment needs and protected the public. Delinquency Rule 23(d). The trial judge must "consider and reject less restrictive alternatives *prior* to imposition of more restrictive alternatives." *R.P. v. State*, 718 P.2d 168, 169 (Alaska App.1986) (emphasis in original). The state bears the burden of showing that the disposition was the least restrictive alternative under a preponderance standard, Delinquency Rule 11(e), and we review the disposition as a question of law. *Matter of J.H.*, 758 P.2d 1287, 1291 (Alaska App.1988).

P.R.J. seeks to analogize his case to *J.H.* where we held that institutionalization of a delinquent minor who had demonstrated a propensity for running away was not

supported by the evidence as the least restrictive alternative. 758 P.2d at 1292–93. *J.H.* is easily distinguishable from P.R.J.'s case, however. Unlike P.R.J., J.H. had been accepted by a residential treatment facility and placement there had been endorsed by the state. Additionally, J.H. indicated her desire to receive treatment at the residential facility, whereas P.R.J. stated that he planned to run away again. Also unlike P.R.J., J.H. had never run away from a treatment facility, and there was no evidence that she would necessarily fail in a residential treatment program; on the other hand, P.R.J. had been unsuccessful at both the Kenai Center and in foster homes. *Compare R.N. v. State,* 770 P.2d 301, 303–04 (Alaska App.1989) (upholding detention as least restrictive alternative where juvenile indicated intention to flee from non-detentional settings). We therefore agree with Judge Hanson that placement at McLaughlin was the least restrictive alternative available.[1]

■ P.R.J. also argues that Judge Hanson was not empowered to extend custody of P.R.J. until two years after the disposition hearing. Alaska Statute 47.10.080 limits the trial court's authority after an adjudication of delinquency to no more than two years. However, when a juvenile is on probation, the state may petition for and the court may grant in a hearing, "two-year extensions of supervision which do not extend beyond the child's 19th birthday if the extension is in the best interests of the minor and the public." AS 47.10.-080(b)(2)(A). Additionally, AS 47.10.100(a) provides that the court retains jurisdiction over the minor and is empowered on its own motion to "enlarge a judgment or order ... after reasonable notice to interested parties." *See also* Delinquency Rule 24(d). The record demonstrates that Judge Hanson indicated his intention to consider extending custody of P.R.J. at the May 23, 1989, hearing and then heard argument on June 1 from P.R.J.'s counsel and the state before deciding the issue. Accordingly, the requirements of the statutes were satisfied and the extension of custody was proper.[2]

The disposition is AFFIRMED.

1. P.R.J. contends that Judge Hanson made insufficient findings to support the disposition of P.R.J.'s case. *See* Delinquency Rule 23(c). We disagree. Judge Hanson's oral remarks adequately explain his reasoning and sufficiently demonstrate that he considered and rejected less restrictive alternatives prior to the disposition of the case.

2. P.R.J. also argues that two prior extensions of his probation were improper. His original adjudication authorized placement expiring on January 13, 1990. Since Judge Hanson's extention of the detention period on June 1, 1989, was proper and occurred before the expiration of the initial disposition, the propriety of the earlier extensions is moot.